IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHEN L. DAVIS AND CITY OF ST. CLAIR SHORES POLICE AND FIRE RETIREMENT SYSTEM, Derivatively on Behalf of ACUITY BRANDS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-04067-MHC |
| v. | ) ) | |
| VERNON J. NAGEL, RICHARD K. REECE and MARK A. BLACK, | ) ) ) | |
| Defendants, | ) ) | |
| -and- | ) ) | |
| ACUITY BRANDS, INC., a Delaware Corporation, | ) ) ) | |
| Nominal Defendant. | ) ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND  ORDER

Nominal Defendant Acuity Brands, Inc., Plaintiffs Stephen L. Davis and City

of St. Clair Shores Police and Fire Retirement System, and Defendants Vernon

J.

Nagel, Richard K. Reece, and Mark A. Black, by and through their undersigned

counsel, hereby request that the Court approve the following Stipulated

1

Confidentiality Agreement (the "Agreement"), and show the Court as follows:

WHEREAS, (1) Acuity Brands, Inc. ("Acuity" or the "Company"), a Delaware Corporation; (2) Plaintiffs Stephen L. Davis ("Plaintiff Davis") and City of St. Clair Shores Police and Fire Retirement System ("Plaintiff St. Clair") (collectively, "Plaintiffs"), shareholders of Acuity; (3) Johnson Fistel, LLP, Robbins Geller Rudman & Dowd LLP, Shuman Glen & Stecker, and Vanoverbeke Michaud & Timmony, P.C. (collectively, "Plaintiffs' Counsel"), attorneys for Plaintiffs; (4) Defendants Vernon J. Nagel, Richard K. Reece, and Mark A. Black (collectively, the "Individual Defendants"); and (5) King & Spalding, LLP ("Individual Defendants' Counsel"), attorneys for the Individual Defendants (collectively, the "Parties"), anticipate that certain discovery in this matter (or potentially subsequent related matters) may include material that is deemed confidential, proprietary, or otherwise sensitive as defined herein.  Accordingly, the Parties hereby agree to enter this Stipulated Confidentiality Agreement to govern the production and protection of documents that contain such information and agree to be mutually bound by the terms contained herein, effective upon the Court's approval;

WHEREAS, on January 31, 2020, Plaintiff Davis's wife, Ms. Freda Davis, and another shareholder delivered a letter through Plaintiffs' Counsel to the Company's Board of Directors (the "Board"), and, on March 3, 2020, Plaintiff St.

Clair delivered a similar letter through Plaintiffs' Counsel to the Company's Board (collectively, the "Demand Letters");

WHEREAS, the Demand Letters demanded that the Board investigate and bring legal action against the Individual Defendants and a non-party C. Dan Smith for alleged breaches of fiduciary duties, among other claims;

WHEREAS, following receipt of the Demand Letters, the Board established a Demand Evaluation Committee (the "DEC"), on or about May 11, 2020, to investigate the allegations in the Demand Letters and prepare an investigative report on their findings (the "Report");

WHEREAS, the Plaintiffs filed the above-captioned derivative action on October 1, 2021 (the "Litigation");

WHEREAS, the DEC has completed its investigation into the allegations raised in the Demand Letters, completed its Report, and presented to the Board its recommendation to reject the Demand Letters;

WHEREAS, the Board considered the Report and presentation from the DEC and approved a resolution rejecting the Demand Letters;

WHEREAS, counsel for Acuity communicated the Board's rejection of the Demand Letters to Plaintiffs' Counsel on October 4, 2022;

WHEREAS, following conference with Plaintiffs' Counsel and the Individual

3

Defendants' Counsel about the Demand Letters, the Company agreed to provide to Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, and the Individual Defendants' Counsel a complete copy of the Report, subject to execution of this Agreement to protect proprietary and otherwise sensitive information set forth in the Report; and

WHEREAS, the Parties agree that it would be detrimental to the Company if non-public, competitively-sensitive information and/or documents were disclosed publicly.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, the Parties, intending to be legally bound, hereby stipulate and agree that the following provisions shall govern the Parties' use, retention, and copying of any and all documents, information and/or material (as those terms are broadly construed) produced or disclosed by Acuity to Plaintiffs and the Individual Defendants in response to the Demand Letters that qualifies as Confidential Information, as defined in paragraph 2 below:

1.      The Company's provision of Confidential Information is subject to and contingent upon the Court's approval of this Agreement, and would not occur absent the same.

2.      For purposes of this Agreement, "Confidential Information" shall

4

include all documents made available by Acuity to Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, and Individual Defendants' Counsel that are non-public and designated as "Confidential," whether conveyed in writing or electronic form. Confidential Information shall not include information that (i) is or becomes generally available to the public other than as a result of disclosure by Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, or the Individual Defendants' Counsel through this Litigation; (ii) was available to Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, or the Individual Defendants' Counsel on a non-confidential basis prior to disclosure by Acuity; or (iii) becomes properly available to Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, or the Individual Defendants' Counsel on a non-confidential basis from another person or entity, including through proper legal process.

3.      Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, and the Individual Defendants' Counsel shall not use any Confidential Information for any other purpose, including (but not limited to) any business or commercial purpose, unless Plaintiffs elect to continue this Litigation or pursue other litigation concerning the subject matter of the Demand Letters, in which case Plaintiffs and the Individual Defendants shall seek to file any court documents and any associated exhibits, should such documents contain Confidential Information, under seal or

appropriately redacted in accordance with the applicable court rules.

      4.    If filed in this Litigation, any documents (including briefs), tangible things or information designated as Confidential Information that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia.  Specifically, if a party seeks to use information designated as Confidential Information under this Agreement in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the Confidential Information should be filed under seal.

      5.    All originals and any duplicates of such originals (whether in paper, electronic, or any other form) of any Confidential Information shall be destroyed by Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, and the Individual Defendants' Counsel, or returned to Acuity's counsel, within sixty (60) days after the final disposition of this Litigation (whether through final judgment or voluntary dismissal), including, without limitation, any appeals.  Any Parties that receive Confidential Information from Acuity pursuant to this Agreement must submit a written certification to Acuity's counsel by the 60-day deadline set forth above that (1) identifies the Confidential Information that was returned or destroyed, and (2)

6

affirms that the Party has not retained any copies of any Confidential Information in any form.  Notwithstanding the foregoing, neither Plaintiffs' Counsel nor the Individual Defendants' Counsel shall have any obligation to return or destroy materials constituting attorney and/or expert work product.

6.      Confidential Information shall not be shared with any non-party to this Agreement, including (but not limited to) counsel for parties prosecuting (or contemplating the prosecution of) actions against or on behalf of the Company or with any competitor or officer, agent, or employee of a competitor of the Company. Notwithstanding the foregoing, Plaintiffs and the Individual Defendants may make Confidential Information available to co-counsel and experts or consulting professionals hired for the purpose of assisting them in connection with the uses permitted under paragraph 3 hereof, provided that any such counsel, expert, or professional agrees to be bound by all terms of this Agreement.

7.      Neither the Company's production of Confidential Information to Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, or the Individual Defendants' Counsel, nor the Court's approval of this Agreement shall: (a) constitute an admission by the Company of any violation of law, breach of any duty, or any culpable conduct whatsoever; (b) prejudice in any way the rights of the Company to object to the authenticity or admissibility of any Confidential

7

Information in any proceeding of any type; or (c) constitute a waiver of any applicable privilege (including, without limitation, the attorney-client privilege or work-product privilege).

8.      Plaintiffs, the Individual Defendants, and the Company consent to jurisdiction in the federal courts for the State of Georgia to enforce this Agreement.

9.      The provisions of this Agreement shall, absent written permission by Acuity or further order of the Court, continue to be binding on all Parties throughout and after the final disposition of the Litigation (whether through final judgment or voluntary dismissal), including, without limitation, any appeals.  This Agreement shall terminate one (1) year after the final disposition of the Litigation (whether through final judgment or voluntary dismissal), including, without limitation, any appeals.  In the event that the Litigation proceeds to formal discovery and further documents are produced in the Litigation, the Parties shall meet and confer regarding a new confidentiality agreement regarding the protection of the confidentiality of such document productions at that time.

10.      This Agreement shall be governed by and construed under the laws of the State of Georgia, without regard to its choice of law principles.

11.      Plaintiffs, Plaintiffs' Counsel, the Individual Defendants, and the Individual Defendants' Counsel agree that the production of Confidential

Information shall not be deemed a subject matter waiver of the attorney-client privilege or the work-product privilege with respect to any materials relied on or considered by the DEC or its counsel in connection with the preparation of the Report.

12.   The Parties agree that good cause is shown regarding the necessity of this Agreement as the Parties anticipate the production of Confidential Information, which contain commercially sensitive or proprietary information, in this or associated matters in response to discovery requests.

So stipulated and agreed to, this 27th day of October, 2022.

ON BEHALF OF ACUITY BRANDS, INC.:

**JONES DAY**
*/s/ Michael J. McConnell*
Michael J. McConnell
(Georgia Bar No. 485003)
Ashley F. Heintz
(Georgia Bar No. 325323)
John Heron IV
(Georgia Bar No. 193170)
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
mmcconnell@jonesday.com
aheintz@jonesday.com
jheron@jonesday.com

ON BEHALF OF PLAINTIFFS:

**JOHNSON FISTEL, LLP**
*/s/ Michael I. Fistel, Jr.*
Michael I. Fistel, Jr.
(Georgia Bar No. 262062)
William W. Stone
(Georgia Bar No. 273907)
Oliver tum Suden
(Georgia Bar No. 226685)
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 2003101
michaelf@johnsonfistel.com
williams@johnsonfistel.com
olivert@johnsonfistel.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
*/s/ Erik W. Luedeke*
Travis E. Downs III
Benny C. Goodman III
Erik W. Luedeke
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
tdowns@rgrdlaw.com
bgoodman@rgrdlaw.com
eluedeke@rgrdlaw.com

**SHUMAN GLEN & STECKER**
*/s/ Brett D. Stecker*
Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003

10

Telephone: (303) 861-3003
Facsimile: (303) 536-7849
brett@shumanlawfirm.com

*Counsel for Plaintiffs*

**VANOVERBEKE MICHAUD &
TIMMONY, P.C.**
*/s/ Thomas C. Michaud*
Thomas C. Michaud
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
tmichaud@vmtlaw.com

*Additional Counsel for Plaintiff City of St.
Clair Shores Police and Fire Retirement
System*

ON BEHALF OF THE INDIVIDUAL
DEFENDANTS:

**KING & SPALDING, LLP**
*/s/ Benjamin Lee*
Michael R. Smith
(Georgia Bar No. 661689)
Benjamin Lee
(Georgia Bar No. 443082)
1180 Peachtree Street, N.E., 39th Floor
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5140
mrsmith@kslaw.com
blee@kslaw.com

*Counsel for the Individual Defendants*

11

\*     \*     \*

IT IS SO ORDERED, this _31ˢᵀ_ day of _October_ , 2022

_Mark H. Cohen_
THE HONORABLE MARK H. COHEN
UNITED STATES DISTRICT JUDGE

12